[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13805

Non-Argument Calendar

————————————————

CHARLES C. TATUM, JR.,

Plaintiff-Appellant,

versus

JASPER WATER WORKS AND SEWER BOARD, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 6:21-cv-00153-LSC

————————————————

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Charles C. Tatum appeals the district court's grant of summary judgment in favor of Jasper Water Works and Sewer Board, Inc., (JWWSB) in Tatum's lawsuit alleging JWWSB discriminated against him by denying his request for additional water and sewer taps. Tatum is African American and contends JWWSB denied him the same water and sewer services it routinely provided to Caucasian customers, violating 42 U.S.C. § 1981. After review,[1] we affirm the district court's grant of summary judgment.[2]

## I. BACKGROUND

Tatum owns a commercial building located in the Downtown Business District of Jasper, Alabama. The building was a large open space, and Tatum decided to divide the space into two halves by placing a dividing wall down the middle. Tatum leased one half of the office space to Garve Ivey and Jolenta Barrentine,

---

[1] We review the district court's grant of summary judgment *de novo*, with the evidence considered in the light most favorable to Tatum. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008).

[2] Tatum also alleged JWWSB breached its state law duty to treat citizens fairly. The district court declined to exercise supplemental jurisdiction over this state law claim.

and decided the building needed a second water and sewer tap for the subdivided office space.

On January 18, 2019, Tina Martin, Ivey's Office Manager, contacted JWWSB Account Manager Dianna Smith, explaining her employer had leased part of Tatum's building and needed to have its own water and sewer tap connection installed behind the building.[3] Smith told Martin that she was not sure JWWSB could do that "because all the work that had been done in the area," but promised to call Martin back. Smith called Martin back later that day and explained JWWSB would not install new taps behind the building because the existing water meter and sewer tap were in the front of the building, the building was too old to do anything, and it would be too much work for JWWSB to put a new water line in the back. Martin told her boss, Ivey, what Smith had said and Ivey had Martin call JWWSB several more times. Each time Martin spoke with someone, they refused to install new taps behind the building. After the initial call, Smith updated the service order to state, "No more water taps are to be made here because of the sidewalks. The sewer is in the back so a tap can be made there for the sewer if needed."

On February 4, 2019, Tatum called and spoke with Smith to find out why he was denied a second water and sewer tap at his

---

[3] JWWSB disputes Martin's account of the phone call with Smith. However, because we are reviewing a grant of summary judgment in favor of JWWSB, we view all facts and reasonable inferences in favor of Tatum.

building when his neighbors in the Downtown Business District had received water and sewer taps when requested. According to Tatum, Smith said the decision was not hers and was made by her supervisors. Smith made a note for her supervisors to contact Tatum. That evening, Tatum emailed Jim Brakefield, JWWSB's General Counsel, to communicate his belief that Tatum's neighboring white property owners were receiving better treatment. The following morning, Brakefield responded and apologized "for any misinformation or miscommunication." Brakefield stated JWWSB would treat Tatum the same as other business owners whose water and sewer services were moved to the alley behind their buildings and water meters set. Brakefield stated Tatum would have to pay for any new water tap and water meter and provide plumbing to the meter. However, Tatum did not attempt to obtain service after receiving Brakefield's email.

## II. DISCUSSION

Tatum contends he was discriminated against by JWWSB on account of his race when JWWSB refused "to provide water and sewer utilities to his business property, while contracting with and providing the same benefits, privileges, and services to similarly situated white business property owners." Tatum asserts the district court erred in finding he failed to offer any proof of this claim.

42 U.S.C. § 1981 "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quotation marks and

alteration omitted).   The phrase "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."   42 U.S.C. § 1981(b).  "To state a claim of race discrimination under § 1981, a plaintiff must allege facts establishing: (1) that he is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."  *Moore v. Grady Memorial Hosp. Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016) (quotation marks and alterations omitted).

The *McDonnell Douglas* burden-shifting framework applies to claims under § 1981.  *Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019) (en banc).  To make a prima facie case of discrimination, the plaintiff must point to comparators of a different race who were "similarly situated in all material respects."  *Id.* at 1229.

We agree with the district court that Tatum has failed to identify a comparator who is "similarly situated in all material respects."  *See id.*  All of Tatum's proffered comparators signed up for and paid for service with JWWSB.  While Tatum claims that his neighboring white property owners were not initially refused

service, he offers no proof of this claim.  Tatum has failed to make a prima facie case of discrimination.[4]

Even if Tatum were able to identify a similarly situated comparator, summary judgment would still be appropriate.  "[A] viable § 1981 claim in the retail context 'must allege that the plaintiff was actually prevented, and not merely deterred, from making a purchase.'"  *Lopez v. Target Corp.*, 676 F.3d 1230, 1234 (11th Cir. 2012).  Tatum cannot show that he was prevented, rather than deterred, from receiving water and sewer services at his property.  While Tatum argues that Smith denied services to him and the analysis should end there—we disagree.  After Smith denied service, Tatum declined the opportunity to receive water and sewer services despite Brakefield's statement that JWWSB would treat Tatum the same as other business owners whose water and sewer services were moved to the alley behind their buildings and water meters set.  This is similar to our holding in *Lopez* where we concluded that after initially being denied service, "Lopez was able to complete his transaction at the same Target store, buying his desired goods at the same price and using the same payment method

---

[4] To the extent Tatum argues he demonstrated a convincing mosaic of evidence that would allow a jury to infer discrimination, his argument also fails. A convincing mosaic may be established by pointing to evidence of (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated business owners, and (3) pretext. *Lewis*, 934 F.3d at 1185.  Tatum's evidence does not establish a convincing mosaic.

22-13805                Opinion of the Court                    7

as any other customer." *Id.* The evidence shows Tatum would have been able to complete his transaction had he signed up and paid for service with JWWSB.

The district court did not err in granting summary judgment on Tatum's § 1981 claim.

**AFFIRMED.**